# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BRENDA W., : | |
| : | |
| Plaintiff, : | Case No. 2:24-cv-1128 |
| : | |
| v. : | Judge Algenon L. Marbley |
| : | |
| MARTIN O'MALLEY, : | Magistrate Judge Karen L. Litkovitz |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

## OPINION & ORDER

This matter is before the Court on the Report and Recommendation of the Magistrate Judge Litkovitz ("R&R") recommending that Plaintiff's Statement of Errors be overruled and that the Commissioner's decision be affirmed. (ECF No. 12). Plaintiff has filed an Objection (ECF No. 13). For the reasons set forth, Plaintiff's Objection is **OVERRULED,** and the R&R is **ADOPTED**.

## I. BACKGROUND

Plaintiff, Brenda W., brings this action under 42 U.S.C. §§ 405(g), 1383(c)(3) (Judicial Review of The Commissioner's final decision), challenging the Commissioner's partially favorable decision that denied benefits prior to November 8, 2020. (ECF No. 6). The administrative record was filed on June 12, 2024. (ECF No. 7).

The administrative transcript reflects long-standing musculoskeletal complaints prior to November 8, 2020, with essentially normal objective findings (e.g., 5/5 strength, intact reflexes, generally normal gait, etc.), and imaging showing mild-to-moderate degenerative changes. After a November 8, 2020 wrist fracture, Plaintiff experienced measurable functional decline that the ALJ treated as the disability onset. (*See* ECF No. 12 at 2-5, 14, 18-21 (summarizing Tr. evidence); *see*

*also* ECF No. 7 *passim*). This finding was in light of a 2019 exam by Dr. Muhammad Zubair who documented normal objective findings but opined to "less than ten pounds" lifting and "be on her feet" (walking) limits. The ALJ deemed the opinion unpersuasive. (ECF No. 12 at 18-20, summarizing Tr. Evidence). Before the ALJ was also a June 2020 finding by Dr. James Desapri who recorded Plaintiff's reports of severe functional limits among normal contemporaneous exam findings. The ALJ found this to not a medical opinion because it "merely recit[ed] [p]laintiff's own subjective complaints," and even if it did qualify as a medical opinion, it was not consistent with the medical evidence of record and not supported by Dr. Desapri's own treatment records. (ECF No. 9 at 11).

On June 8, 2021, the ALJ entered an unfavorable decision, finding Plaintiff "has not been under a disability … from April 10, 2018, through the date of this decision," and noting protective filing dates of August 13, 2018. (ECF No. 7 at 29). After federal-court remand by stipulation, ALJ Jeffrey Hartranft held a new hearing on December 1, 2023, and issued a partially favorable decision on January 3, 2024, finding Plaintiff disabled as of November 8, 2020. (ECF No. 12 at 2, summarizing Tr. evidence).

Plaintiff initiated this civil action on April 22, 2024 (ECF No. 6), filed her Statement of Specific Errors on July 26, 2024 (ECF No. 8), the Commissioner responded on August 14, 2024 (ECF No. 9), and Plaintiff replied on August 29, 2024 (ECF No. 10). The Magistrate Judge issued a R&R on August 15, 2025, recommending that the Commissioner's decision be affirmed. (ECF No. 12 at 22). Plaintiff timely objected, but pressing only the issue concerning the ALJ's treatment of consultative examiner Dr. Muhammad Zubair. (ECF No. 13). On September 12, 2025, the Commissioner filed a Response to Plaintiff's Objection, urging the Court to adopt the R&R in full. (ECF No. 14).

In her Statement of Errors, Plaintiff raised two claims: (1) the ALJ erred by refusing to treat Dr. James Desapri's June 2020 functional statements as a medical opinion; and (2) the ALJ violated 20 C.F.R. § 404.1520c by rejecting Dr. Muhammad Zubair's 2019 opinion without articulating the mandatory consistency analysis, which, in Plaintiff's opinion, should be distinct from supportability. (ECF No. 8). The Commissioner responded that Dr. Desapri's June 2020 notations reflected Plaintiff's self-reports and were unsupported by contemporaneous normal exam findings. Moreover, Dr. Zubair's limitations were inconsistent with his own clinical observations and other record evidence. (ECF No. 9).

The Magistrate Judge issued the R&R recommending that this court affirm the non-disability finding. (ECF No. 12). Plaintiff timely filed an objection (ECF No. 13) to which the Commissioner responded (ECF No. 14). This is now ripe for this Court's review.

## II. STANDARD OF REVIEW

When a party objects to a Magistrate Judge's R&R on a dispositive motion, the Court must conduct a *de novo* review of the objected-to portions. 28 U.S.C. § 636(b)(1)(A)-(C); Fed. R. Civ. P. 72(b)(3). *De novo* review requires the Court to consider the matter anew, as if no decision had been rendered, while giving appropriate regard to the Magistrate Judge's reasoning. *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (citing *Mathews v. Weber*, 423 U.S. 261, 275 (1976)). The Court may accept, reject, or modify the Magistrate Judge's recommendations, receive further evidence, or recommit the matter for additional proceedings. 28 U.S.C. § 636(b)(1)(C).

The objections themselves guide the scope of this review. *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). Only those portions of the R&R that are properly objected to require *de novo* consideration. *Id.* (holding that "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object" and requiring the parties to at least "explain [] the source of the error"). To warrant *de*

3

*novo review*, objections must be specific enough to "identify the portions of the magistrate's recommendation to which objection is made and the basis for the objection," in other words, to "specify the issues of contention". *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

With respect to a Social Security decision, the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence "means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 97 (2019) (quoiting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Even if substantial evidence supports the Commissioner's findings, reversal is required if the ALJ failed to follow proper legal standards. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004); *Napier v. Comm'r of Soc. Sec.*, 127 F.4th 1000, 1004 (6th Cir. 2025).

### III. LAW AND ANALYSIS

Plaintiff's sole objection concerns the ALJ's evaluation of Dr. Zubair's opinion. (ECF No. 13). In 2019, Dr. Zubair opined that "[P]laintiff could walk for two out of eight hours in a day, 'be on her feet' for a combined six out of eight hours in a day, and carry less than ten pounds frequently," despite documenting generally normal objective findings. (ECF No. 12 at 18-20, summarizing Tr.; *see also* Tr. 476-77). The ALJ deemed this opinion unpersuasive, reasoning that it was unsupported by Dr. Zubair's own clinical observations. (*Id.*).

The ALJ evaluates the persuasiveness of medical opinions under 20 C.F.R. § 404.1520c. The regulation requires consideration of five factors, the two "most important" being supportability and consistency. § 404.1520c(a), (b)(2). The ALJ must "explain how [he or she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings[.]" § 404.1520c(b)(2). Failure to do so generally constitutes

4

legal error warranting remand. *See*, e.g., *Lester v. Saul* 2020 U.S. Dist. LEXIS 247187, No. 5:20-cv-01364, at *39 (N.D. Ohio Dec. 11, 2020).

The supportability factor concerns how well a medical source's own objective findings and explanations back up the opinion, 20 C.F.R. § 404.1520c(c)(1), while the consistency factor is distinct, focusing on how well the opinion aligns with the rest of the record, § 404.1520c(c)(2). The ALJ explains in its decision:

> I also considered the physical consultative exam performed by Muhammad[] Zubair, M.D. performed on March 17, 2019. Dr. Zubair's examination was generally unremarkable with the claimant ambulating with a normal gait without the use of an assistive device. She was able perform heel to toe, walk on heels, walk on toes, hop, and squat. The claimant had normal range of motion of all extremities except for the right shoulder. Range of motion of the lumbar and cervical spine were within normal limits. Regardless, the claimant was not as limited as alleged prior to her fall at the established onset date, which resulted in a worsening condition and additional physical limitations.

(Tr. 2286; ECF No. 12 at 19). The ALJ then offered the following analysis of Dr. Zubair's opinion, concluding that it was unpersuasive:

> Dr. Zubair found the claimant had the residual functional capacity to walk for two out of eight hours in a day, "be on her feet" for a combined six out of eight hours in a day. The claimant could carry less than ten pounds frequently. Other limitations in function include lifting, carrying, pushing, and pulling. I find his opinion to not be persuasive because the 10 pounds lifting limitation is not consistent with the internal examination, showing 5/5 strength. I find unpersuasive for the same reasons the limitation to two hours of walking per day. Regardless, these opinions are not persuasive.

(Tr 2288; ECF Nos. 8 at 19; 12 at 19-20). Plaintiff argues that, because a reviewer is entirely unable to follow the ALJ's reasoning on the consistency of Dr. Zubair's medical opinions, the ALJ's decision requires remand. (ECF No. 8 at 19).

While the ALJ did not detail consistency in its conclusion, the Magistrate Judge found that the "ALJ's decision as a whole reveal[ed] Dr. Zubair's opinion was inconsistent with the record." (ECF No. 12 at 20). The Magistrate Judge explained that the "ALJ implicitly compared Dr.

5

Zubair's opinion with the other record evidence" specifically when noting that plaintiff "was not as limited as alleged prior to her fall at the established onset date [of November 8, 2020], which resulted in a worsening condition and additional physical limitations." (ECF No. 12 at 21 (citing Tr. 2286)).

Courts are permitted to look elsewhere in the ALJ's decision as the ALJ does not need to "spell out every fact a second time." *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014) (quoting *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006)); *Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 457 (6th Cir. 2016) (applying the reasoning from Forrest in an analysis of an ALJ's consistency consideration). Here, reviewing the record made clear that "[t]he lifting and standing/walking limitations assessed by Dr. Zubair were not consistent with plaintiff's clearance to participate in an exercise program (Tr. 2288, 1669), Dr. Desapri's finding that plaintiff achieved ninety nine percent relief of low back and leg symptoms (Tr. 2272, 2288), the lack of medical necessity for a hand-held assistive device to aid in walking and standing (Tr. 2288), and plaintiff's documented physical activities, including her report that she took her dog for a long walk and anticipated mowing her daughter's lawn. (Tr. 2285)." (ECF No. 12 at 21).

Plaintiff objects to the Magistrate Judge's review of the record as a whole, arguing that "[t]his is not a scavenger hunt" and that "[i]t was the ALJ's responsibility to evaluate" the doctor's opinions. (ECF No. 13 at 3). The Sixth Circuit has made clear that an ALJ's evaluation of a medical opinion within the broader context of a discussion addressing record inconsistencies does not amount to a "scavenger hunt"; rather, it suffices to "connect the dots." *Dunlavy v. Comm'r of Soc. Sec.*, No. 24-3333, 2024 WL 4558606, at *3 (6th Cir. Oct. 23, 2024). That is precisely the method employed by the Magistrate Judge in reaching her conclusion, and it is the same reasoning this Court now adopts.

6

Accordingly, this Court finds that the ALJ's evaluation of Dr. Zubair's opinion evaluated "consistency" as required under 20 C.F.R. § 404.1520c.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Objection (ECF No. 13) is **OVERRULED**. This Court **ADOPTS** the Report and Recommendation (ECF No. 12). Plaintiff's statement of errors (ECF No. 8) is **OVERRULED** and the non-disability finding IS **AFFIRMED.**

Judgment shall be entered in favor of the Commissioner and this case is hereby closed.

**IT IS SO ORDERED.**

 _____
 **ALGENON L. MARBLEY**
 **UNITED STATES DISTRICT JUDGE**

**DATED: September 29, 2025**